

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZANNE MCDONALD and
TIMOTHY MCDONALD,

    Plaintiffs,

-VS-

                        CASE NO.: 8:18 cv 2272 T23-AEP

ALLY FINANCIAL, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, the Plaintiffs, Suzanne McDonald and Tim McDonald (hereinafter "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, Ally Financial, Inc. (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### INTRODUCTION

1.    The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC,* -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner

1



at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 *1256 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo-calls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robo-calls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      The alleged violations described herein occurred in Pinellas County, Florida.  Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff, Suzanne McDonald, is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.

10.      Plaintiff, Timothy McDonald, is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.

11.      Plaintiffs are "consumers" as defined in Florida Statute § 559.55(8).

12.      Plaintiffs are "alleged debtors."

13.      Plaintiffs are the "called parties" with respect to their respective cell phone numbers. See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

14.      Defendant is a corporation with its principal place of business located at 500 Woodward Ave., Floor 10, Detroit, Michigan 48226, and which conducts business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

15.      The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16.    Defendant is a "creditor" as defined in Florida Statute §559.55(5).

17.    Defendant called Plaintiffs on their respective cellular telephone numbers approximately one hundred fifty (150) times each in an attempt to collect a debt.

18.    Defendant attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

19.    Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will each testify that they knew that the calls were generated from an auto-dialer because of the vast number of calls they received, including multiple calls in a single day, and because they heard a pause or beep when they answered the phone before a voice came on the line (a common indicator of the use of an auto-dialer); and also that they received pre-recorded messages from Defendant.

20.    Plaintiff, Suzanne McDonald, is the subscriber, regular user and carrier of the cellular telephone number (402) *** - 3553 and was the called party and recipient of Defendant's calls to that number.

21.    Plaintiff, Timothy McDonald, is the subscriber, regular user and carrier of the cellular telephone number (402) *** - 1969 and was the called party and recipient of Defendant's calls to that number.

4

26.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiffs, despite these individuals explaining to Defendant that they wish for the calls to stop.

27.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

28.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call customers despite requests to stop.

29.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

30.     Defendant's corporate policy provided no means for Plaintiffs to have their numbers removed from Defendant's call list.

31.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

32.     Not a single call placed by Defendant to Plaintiffs was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs, as it was put on notice that Plaintiffs wanted the calls to stop and yet continued to call and harass the Plaintiffs over a disputed debt anyway.

34.     From each and every call placed without consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their individual right of seclusion.

35.     From each and every call without express consent placed by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular telephones by unwelcome calls, making the cellular telephones unavailable for legitimate callers or outgoing calls while the cellular telephones were ringing from Defendant's calls.

36.     From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls about an illegitimate alleged debt to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the cellular telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the user of important missed communications.

37.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the cellular telephones and deal with missed call notifications and call logs that reflected the

7

unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephones, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of unnecessary expenditure of Plaintiffs' cellular telephones' battery power.

39. Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones where a voice message was left which occupied space in Plaintiffs' cellular telephones or networks.

40. Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of a trespass to Plaintiffs' chattels, namely their cellular telephones and their cellular telephone services.

41. As a result of the calls described above, Plaintiff, Suzanne McDonald, suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anger, embarrassment, and aggravation.

42. As a result of the calls described above, Plaintiff, Tim McDonald, suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anger, embarrassment, and aggravation.

<u>COUNT I</u>
(Violation of the TCPA – Suzanne McDonald)

43. Plaintiff, Suzanne McDonald, fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

44. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

45. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff, Suzanne McDonald, respectfully demands a trial by jury on all issues so triable and judgment against Ally Financial, Inc., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA – Suzanne McDonald)

46. Plaintiff, Suzanne McDonald, fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

47. At all times relevant to this action is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

48. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

49. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

9

50.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Suzanne McDonald, respectfully demands a trial by jury on all issues so triable and judgment against Ally Financial, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the TCPA – Timothy McDonald)

51.     Plaintiff, Timothy McDonald, fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

52.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

53.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff, Timothy McDonald, respectfully demands a trial by jury on all issues so triable and judgment against Ally Financial, Inc., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA – Timothy McDonald)

54.    Plaintiff, Timothy McDonald, fully incorporates and re-alleges paragraphs one (1) through forty-two (42) as if fully set forth herein.

55.    At all times relevant to this action  is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56.    Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

57.    Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

58.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Timothy McDonald, respectfully demands a trial by jury on all issues so triable and judgment against Ally Financial, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
lrobbins@forthepeople.com
*Counsel for Plaintiff*